# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| B.B., by and through MONICA BONELLO,<br><br>Plaintiff,<br><br>v.<br><br>FRUITVALE SCHOOL DISTRICT, et al.<br><br>Defendants. | Case No.: 1:18-cv-01626- LJO - JLT<br><br>ORDER GRANTING THE MOTION TO APPOINT MONICA BONELLO AS GUARDIAN AD LITEM FOR MINOR PLAINTIFF B.B.<br><br>(Doc. 2) |

Monica Bonello initiated this action on behalf of the minor plaintiff B.B., her child, seeking attorney fees and costs incurred with an administrative proceeding. (*See generally* Doc. 1) Ms. Bonello seeks appointment as the guardian ad litem for B.B. (Doc. 2) For the following reasons, the request for appointment of Ms. Bonello as the guardian ad litem is **GRANTED**.

**I.     Appointment of a Guardian Ad Litem**

Pursuant to the Federal Rules of Civil Procedure, "[a] minor . . . who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem." Fed. R. Civ. P. 17(c)(2). In addition, a court "must appoint a guardian ad litem - or issue another appropriate order - to protect a minor or incompetent person who is unrepresented in an action." *Id*. The capacity of an individual to sue is determined "by the law of the individual's domicile." Fed. R. Civ. P. 17(b).

Because K.M. resides in California, the law of this state governs. Under California law, an individual under the age of eighteen is a minor, and a minor may bring suit as long as a guardian

1

conducts the proceedings. Cal. Fam. Code §§ 6502, 6601. A guardian ad litem may be appointed to represent the minor's interests. Cal. Code Civ. P. § 372(a).

**II.     Discussion and Analysis**

In determining whether to appoint a particular guardian ad litem, the court must consider whether the minor and the guardian have divergent interests. Cal. Code Civ. P. § 372(b)(1). "When there is a potential conflict between a perceived parental responsibility and an obligation to assist the court in achieving a just and speedy determination of the action, a court has the right to select a guardian ad litem who is not a parent if that guardian would best protect the child's interests." *Williams v. Super. Ct.*, 147 Cal. App. 4th 36, 38 (Cal. Ct. App. 4th 2007) (internal quotation marks and citation omitted). "[I]f the parent has an actual or potential conflict of interest with his child, the parent has no right to control or influence the child's litigation." *Id.* at 50.

B.B. is the ten-year-old child of Monica Bonello. (Doc. 2 at 2), and is a minor under California law. *See* Cal. Fam. Code § 6502. As a minor, B.B.'s ability to bring suit is contingent upon the appointment of a guardian ad litem. Upon review of the complaint, it does not appear Ms. Bonello has any adverse interests to those of her child. In addition, Ms. Bonello does not have competing claims with Plaintiff, because B.B. is the only plaintiff in this action, and the only claims are asserted on the child's behalf. Accordingly, appointment of Ms. Bonello as guardian ad litem for her child is appropriate. *See Burke v. Smith*, 252 F.3d 1260, 1264 (11th Cir. 2001) ("Generally, when a minor is represented by a parent who is a party to the lawsuit and who has the same interests as the child there is no inherent conflict of interest."); *see also Anthem Life Ins. Co. v. Olguin*, 2007 U.S. Dist. LEXIS 37669, at *7 (E.D. Cal. May 9, 2007) (observing that "[a] parent is generally appointed guardian ad litem").

**III.    Conclusion and Order**

The decision whether to appoint a guardian ad litem is "normally left to the sound discretion of the trial court." *United States v. 30.64 Acres of Land, etc.*, 795 F.2d 796, 804 (9th Cir. 1986). Here, it does not appear Ms. Bonello has conflicting interests, and as such she may be appointed to represent the interests of her child. Therefore, the Court is acting within its discretion to grant the application to be appointed as the guardian ad litem.

Based upon the foregoing, the Court **ORDERS**:

1. The motion for appointment of Monica Bonello as guardian ad litem for B.B. (Doc. 2) is **GRANTED**; and
2. Monica Bonello is appointed to act as guardian ad litem for B.B. and is authorized to prosecute this action on the child's behalf.

IT IS SO ORDERED.

Dated: **November 29, 2018**           **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE